IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDY A. MAHONEY,<br><br>        Plaintiff,<br><br>vs.<br><br>ALL AMERICAN HOMES OF IOWA, LLC,<br><br>        Defendant. | No. C04-1020-LRR<br><br>**ORDER** |

The matter before the court is the Motion for Summary Judgment (docket no. 19) filed by Defendant All American Homes of Iowa, LLC ("AAH"). The motion is unresisted.

On April 5, 2004, Plaintiff Randy A. Mahoney ("Mahoney") filed suit against AAH in the Iowa District Court for Dubuque County. The employment action was brought pursuant to the Iowa Civil Rights Act of 1965 ("ICRA"), Iowa Code Chapter 216, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.* Mahoney also alleges a breach of contract claim and a violation of the Iowa Wage Payment Collection Law, Iowa Code Chapter 91A.

On April 30, 2004, AAH filed a Notice of Removal and sought to remove the case to this court. AAH invokes this court's jurisdiction pursuant to 28 U.S.C. § 1331, on the basis Mahoney's ADEA claim raises a federal question, and pursuant to 28 U.S.C. § 1332, on the basis of diversity jurisdiction. AAH also contends this court has supplemental or pendent jurisdiction over Counts II and III, pursuant to 28 U.S.C. § 1367.

Count I of the Complaint alleges AAH discriminated against Mahoney based on his age in violation of the ICRA and the ADEA. Specifically, Mahoney alleges he was

discriminated against due to his young age and he was constructively terminated by a supervisor after he was harassed in violation of AAH's Anti-Harassment Policy and Procedure. Mahoney alleges he has been damaged, he availed himself of "all administrative procedures precedent necessary to confer jurisdiction upon [the state court]," and he demands a reasonable and fair judgment with interests and costs.

Count II alleges AAH breached its employment contract with Mahoney. Mahoney alleges his employment contract required AAH to pay him an 18% bonus and it failed to do so. Count II further alleges the employment contract was breached because AAH represented "that it would treat each employee with professionalism, dignity and respect and that harassment of an employee [of] any kind was not acceptable," and then it allowed Mahoney to be harassed by a supervisor. Mahoney seeks a reasonable and fair judgment with interest and costs for his breach of contract claim.

Count III alleges AAH violated Chapter 91A of the Iowa Code by intentionally failing to pay Mahoney the contracted 18% bonus when it was due and known to be due. In Count III, Mahoney "prays for judgment."

On June 2, 2004, AAH filed Defendant's Answer and Affirmative Defenses to Plaintiff's Petition at Law.[1]

On April 29, 2005, AAH filed the instant Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). In its Motion, AAH contends there are no genuine issues of material fact and judgment as a matter of law should be entered in its favor. Mahoney has not resisted the motion. Under Local Rule 56.1(b), Mahoney's resistance and

---

[1] On May 3, 2004, AAH filed an unresisted Motion for Extension of Time to Answer. The Motion was granted on May 4, 2004, and AAH was given until June 4, 2004, to answer.

supporting documents were due on May 23, 2005.[2]

Local Rule 56.1(c) provides: "**Unresisted Motion.** If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . ." Presently, Mahoney has neither filed a resistance to AAH's Motion for Summary Judgment nor requested an extension of the filing deadline. Given the fact that Mahoney's resistance is over a month late, the court finds it proper to grant AAH's motion on procedural grounds. Mahoney has not complied with the court's Local Rules.

AAH is also entitled to summary judgment on procedural grounds pursuant to Federal Rule of Civil Procedure 56(e) because Mahoney has failed to respond to AAH's Motion for Summary Judgment as required by that rule.[3]

Moreover, Mahoney has failed to expressly admit, deny, or qualify each of the facts set forth in Defendant's Statement of Material Facts filed by AAH pursuant to Local Rule 56.1(a)(3). Mahoney's failure to file a response to Defendant's Statement of Material Facts and his failure to expressly deny or qualify with specific reference to the summary judgment record each of the facts included by AAH therein, constitutes an admission of each of these facts. *See* LR 56.1(b) ("The failure to respond with appropriate citations to

---

[2] The Local Rules allow Mahoney twenty-four days to resist the Motion. Local Rule 56.1(b) provides: "A party resisting a motion for summary judgment must, within 21 days after service of the motion, serve and file contemporaneously [its resistance]." Local Rule 6.1 allows three additional "mailing" days when a document is served electronically.

[3] Federal Rule of Civil Procedure 56(e) provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.* Fed. R. Civ. P. 56(e) (emphasis added).

the appendix, to an individual statement of material fact constitutes an admission of that fact.").

Despite the fact Mahoney has not resisted AAH's Motion for Summary Judgment and procedural rules clearly dictate the court should grant AAH's unresisted motion, the court may only grant AAH's motion with respect to any of Mahoney's claims if the court determines AAH is entitled to judgment as a matter of law on each claim. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court has reviewed controlling law applicable to each of Mahoney's claims against AAH. In light of Mahoney's admissions in the record, the court finds Mahoney has not generated a genuine issue of material fact with regard to any of the claims at issue and that AAH has met its burden in proving the undisputed material facts in the instant case entitle it to judgment as a matter of law.

In light of the foregoing, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment (docket no. 19) is GRANTED.
2. Mahoney's claims against AAH in this action are DISMISSED with prejudice.
3. Plaintiff is assessed costs.

4. The trial in this matter and the Final Pretrial Conference scheduled for September 9, 2005, before Chief Magistrate Judge John A. Jarvey are canceled because this ruling fully resolves this case.

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA